# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| PHIL BENEDIA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 07 C 01390 |
| ) | |
| SUPER FAIR CELLULAR, INC. ) | |
| and JOHN DOES 1-10 ) | |
| ) | |
| Defendants. ) | |

### **MEMORANDUM OPINION**

Before the court is defendant Super Fair Cellular, Inc.'s ("Super Fair") motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons explained below, we deny defendant's motion.

### **BACKGROUND**

Benedia alleges that he received seven unsolicited fax advertisements from Super Fair between July 19, 2004 and October 14, 2004. Compl. ¶ 9. In addition to claims for conversion and for violating the Illinois Consumer Fraud Act, Benedia claims that Super Fair's "junk faxes" violate the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. TCPA § 227(b)(5) ("Private right of action") expressly refers to actions brought in state court:

> A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may, if otherwise permitted by the laws

>    or rules of court of a State, bring in an appropriate court of that State:
>
>    (A) an action based on a violation of the regulations prescribed under this subsection to enjoin such violation,
>
>    (B) an action to recover for actual monetary loss from such a violation, or to receive up to $500 in damages for each such violation, whichever is greater, or
>
>    (C) both such actions.

There is no corresponding provision expressly creating a private right of action in federal court, nor is there an express statute of limitations. Benedia contends that the four-year, federal "catch-all" provision applies. 28 U.S.C. § 1658(a). Super Fair argues that we should apply Illinois' two-year statute of limitations for statutory penalties, 735 ILCS 5/13-202, in which case Benedia's TCPA claims are untimely.

**DISCUSSION**

**A.  Legal Standard**

The purpose of a 12(b)(6) motion to dismiss is to test the sufficiency of the complaint, not to resolve the case on the merits. 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356, at 354 (3d ed. 2004). When evaluating such a motion, the court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. Hentosh v. Herman M. Finch Univ. of Health

Sciences, 167 F.3d 1170, 1173 (7th Cir. 1999); Jang v. A.M. Miller & Assocs., 122 F.3d 480, 483 (7th Cir. 1997).

**B.    Subject Matter Jurisdiction**

Although Super Fair moves to dismiss Benedia's complaint pursuant to Fed. R. Civ. P. 12(b)(6), it flirts with the contention that we lack jurisdiction to hear Benedia's claim. See Def. Reply at 12-14. The Seventh Circuit's decision in Brill v. Countrywide Home Loans, Inc., 427 F.3d 446 (7th Cir. 2005) settled this issue. In Brill, the Court concluded that TCPA claims brought in state court may be removed to federal court under *either* the Class Action Fairness Act ("CAFA") *or* the general removal provision, 28 U.S.C. § 1441(a). Brill, 427 F.3d at 450. Section 1441(a) removal is available because "a claim that a business violated the Telephone Consumer Protection Act arises under federal law." Id.; see also id. at 451 ("[R]emoval is authorized not only by the Class Action Fairness Act but also by § 1441, because the claim arises under federal law."). Although "minimal diversity of citizenship" was present in Brill for purposes of removal pursuant to CAFA, id. at 447, the Court clearly stated that federal question jurisdiction was also available. See G.M. Sign, Inc. v. Franklin Bank, S.S.B., No. 06 C 0949, 2006 WL 1132386, *3 (N.D. Ill. April 19, 2006) (Brill "clearly stands for the proposition that federal courts have 'arising under' jurisdiction over TCPA claims pursuant to 28 U.S.C. § 1331 . . . ."). Accordingly, there is no basis to limit Brill to

its facts, as Super Fair requests, and deny jurisdiction over a claim brought in federal court initially, pursuant to 28 U.S.C. § 1331, rather than removed pursuant to § 1441 or the CAFA.

**C. Statute of Limitations**

As we previously noted, the TCPA does not contain an express statute of limitations. Federal statutes enacted after December 1, 1990 are subject to 28 U.S.C. § 1658:

> Time limitations on the commencement of civil actions arising under Acts of Congress
>
> (a) *Except as otherwise provided by law*, a civil action arising under an Act of Congress enacted after the date of the enactment of this section may not be commenced later than 4 years after the cause of action accrues.

28 U.S.C. § 1658 (emphasis added); see also Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 382 (2004) (favoring a broad interpretation of § 1658 to avoid the "uncertainty inherent in the practice of borrowing state statutes of limitation").[1] Super Fair argues that § 1658 is not applicable, relying on the language in § 227(b)(5) providing that plaintiffs may, "if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State" an action for an injunction, damages or both. 47 U.S.C. § 227. This provision, Super Fair argues, supersedes § 1658 and requires us to look to Illinois state law to determine the

---

[1] Congress enacted the TCPA in 1991. Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991).

appropriate statute of limitations. State courts in Texas and Nevada have adopted this approach, see Edwards v. Emperor's Garden Restaurant, 130 P.3d 1280 (Nev. 2006); Chair King, Inc. v. GTE Mobilnet of Houston, Inc., 135 S.W.3d 365 (Tex. App. 2004), rev'd on other grounds, 184 S.W.3d 707 (Tex. 2006), although other state courts have rejected it. See, e.g., Zelma v. Konikow, 879 A.2d 1185 (N.J. App. Div. 2005) (applying § 1658); Stern v. Bluestone, 2006 N.Y. Misc. LEXIS 2495, at *9-11 (N.Y. Sup. Ct. Aug. 18, 2006) (same). As it applies to this action, Super Fair's interpretation is difficult to square with the phrase "in an appropriate court of that State." We are, of course, not a court of the State of Illinois. Yet the phrase must mean something, as Super Fair points out. (Pl. Reply at 7.) In Brill, the Court concluded that Congress adopted this language to avoid "any argument that for this law *federal* jurisdiction is exclusive." Brill, 427 F.3d at 451 (emphasis in original). Moreover, it "implies that each state may decide for itself whether to entertain claims under the Telephone Consumer Protection Act." Id. Accordingly, it is possible to give effect to the phrase "if otherwise permitted by the laws or rules of court of a State" without applying to federal courts language directed to "court[s] of a State".

Absent an express statute of limitations, or a clear direction to consult state law, § 1658 controls. Super Fair posits that this will create uncertainty, the very problem that § 1658 was enacted

to alleviate, if an Illinois court were to apply a different statute of limitations. (Pl. Reply at 8-9.) There are several problems with this argument. First, it is unclear whether an Illinois court would apply a state statute of limitation rather than § 1658. See, e.g., Zelma, 879 A.2d at 1190 (concluding in a well-reasoned opinion that the policy articulated in Jones supports applying § 1658 in state court). Second, even if we decided that Illinois law controls, an Illinois court would be free to select a different statute of limitations and litigants would face the same uncertainty that Super Fair claims its interpretation would avoid. See City of Chicago v. Groffman, 368 N.E.2d 891, 894 (Ill. 1977) ("[D]ecisions of Federal courts, except of course the United States Supreme Court, are not binding upon the courts of Illinois.") (internal quotation marks and citation omitted). Both Benedia and Super Fair make plausible arguments supporting different Illinois statutes of limitation. Is a TCPA claim a claim for a "statutory penalty"? See 735 ILCS 5/13-202 (two-year statute of limitation statutory penalties); see also Edwards, 130 P.3d at 1286-87 (applying Nevada's statute of limitation for statutory penalties). Is it a federal claim for conversion of the victim's "ink and paper"? See 735 ILCS 5/13-205 (five year statute of limitation for injury to or conversion of property); see also Chair King, 135 S.W.3d at 391 (Tex. App. 2004), rev'd on other grounds, 184 S.W.3d 707 (Tex. 2006) (applying Texas's statute of limitation for

trespass and conversion).  Or is it *sui generis*?  See 735 ILCS 5/13-205 (five year statute of limitation for "civil actions not otherwise provided for").  This is precisely the type of inquiry that § 1658 was enacted to avoid.  Jones, 541 U.S. at 378 (Section 1658 avoids the often "difficult" task of determining "which of the forum State's statutes of limitations [is] the most appropriate to apply to a federal claim.").  Finally, the Illinois State Legislature may choose to opt-out of the TCPA altogether.  Brill, 427 F.3d at 451.  As the Court explained in Brill, we would not be required to follow suit and shut our doors to TCPA claims.  Id. ("[T]he proviso that actions may be filed in state court 'if otherwise permitted by the laws or rules of court of a State' implies that federal jurisdiction under § 1331 or § 1332 is available; otherwise where would victims go if a state elected not to entertain these suits?").  Nevertheless, we would be required, if we adopt Super Fair's interpretation of the statute, to apply Illinois law to determine whether such claims were timely.

The TCPA yields interesting legal questions about jurisdiction and the relationship between federal and state law, see, e.g. Gottlieb v. Carnival Corp., 436 F.3d 335, 342 n.8 (2d Cir. 2006), but we see no reason to complicate matters unnecessarily.  The TCPA was enacted after 1990 and does not contain an express statute of limitations.  Therefore, § 1658's four-year statute of limitations applies and Benedia's claims are timely.

## **CONCLUSION**

Defendant's Motion to Dismiss (15) is denied.  A status hearing is set for October 10, 2007 at 10:30 a.m.


DATE:     September 26, 2007

ENTER:    _____
          John F. Grady, United States District Judge